DORON WEINBERG (CA SBN 46131)
WEINBERG & WILDER
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703

Attorneys for Defendant
GARY W. RODRIGUES

DENNIS P. RIORDAN (CA SBN 69320)
DONALD M. HORGAN (CA SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472

Attorneys for Defendant
ROBIN SABATINI


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR: 01-00078 DAE |
| Plaintiff, | **MOTION TO VACATE ORDER** |
| -vs.- | **DENYING RESENTENCING** |
| GARY W. RODRIGUES and ROBIN HAUNANI RODRIGUES SABATINI, | |
| Defendants. | |

On June 11, 2007 a panel of the Ninth Circuit, while affirming the convictions of

defendants Rodrigues and Sabatini, ordered "a limited remand for the sentencing judge to determine whether he would have imposed the same sentences if he had known the guidelines were advisory." Order of June 11, 2007, at 14, citing *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). On August 21, 2007, the Circuit denied defendants' motion for rehearing and rehearing en banc. On September 24th, the panel denied defendants' motion for a stay of mandate pending the filing of their petition for certiorari in the United States Supreme Court. The mandate issued on September 27, 2007.

On September 28, 2007, one day following the issuance of mandate, this Court issued an order stating

> After carefully reviewing the record in this case, including the presentence report, sentencing statements, and downward departure motion, this Court finds that had it known the guidelines were advisory, rather than mandatory, at the time of the sentencings, it would have imposed the same sentences. The Court felt at the time of the original sentencings that the sentences were clearly justified and reasonable in light of all the 18 U.S.C. § 3553 factors and the Court continues to feel so today. For the reasons stated above, the Court AFFIRMS Defendants' sentences in all respects.

This Court then set a hearing for this Friday, October 5, 2007 to set a *mittimus* date" for the defendants.

Defendants hereby move this Court to vacate its order of September 28th in order to allow the submission of written briefing on the issue of whether the Court should impose reduced sentences on the defendants due to the application of the 18 U.S.C. § 3553 factors. Defendants are entitled to such briefing under controlling Ninth Circuit law.

The Ninth Circuit set forth the procedure which the district courts must follow when a

Motion To Vacate Order
Denying Resentencing                    2

case is remanded under the plain error doctrine due to a sentence imposed under the pre-*Booker*

mandatory sentencing guidelines. *Ameline*, at 1084-1085. The Circuit stated the district court

"should" obtain the "views of counsel, at least in writing." *Id*. at 1085.

In *United States v. Montgomery,* 462 F.3d 1067 (9th Cir. 2006), the Circuit addressed the

issue of whether the reference in *Ameline* to the receipt of the views of counsel in writing

established a permissive or mandatory procedure. *Montgomery*, at 1069. The Court analyzed

the word "should" and determined that it must be read in context. *Id*. at 1070. *Ameline* adopted

the writing requirement from the Second Circuit's opinion in *United States v. Crosby*, 397 F.3d

103 (2d Cir. 2005), which held that the district court is not required to hold an in-court hearing,

but should "at least" obtain views of counsel in writing. In sum, a hearing is optional; written

submissions are mandatory. *Montgomery*, at 1070.

In light of its interpretation of *Crosby* and *Ameline*, *Montgomery* held it reversible error

for the district court not to seek the views of counsel on whether re-sentencing was appropriate.

*Id*. at 1069. "We now explicitly restate what *Ameline* requires: that, on *Ameline* remand, a

District court must obtain, or at least solicit, the views of counsel in writing before deciding

whether re-sentencing is appropriate." *Id*. at 1071.

*Montgomery* set forth reasons for its holding. First, there may be factors that were not

considered or emphasized in the original sentencing procedure that are now relevant for re-

sentencing under *Ameline*. *Id.*, at 1071.) Second, such briefing would ensure that the district

court had considered all factors which the parties deem relevant and would assist the Court of

Appeals in its reasonableness review. *Id*.

In light of the above, the Court should vacate the present hearing date of October 5, 2007

and permit counsel to address the *Ameline* issues in writing.  The Court should then set a hearing

date in November at which it can (1) hear argument on the *Ameline* issues; (2) grant or deny

rehearing; and then (3) set a date for the defendants' surrender.


Dated: October 1, 2007                              Respectfully submitted,

                                                    DORON WEINBERG
                                                    DENNIS P. RIORDAN
                                                    DONALD M. HORGAN


                                                    By    /s/ Doron Weinberg
                                                          Doron Weinberg
                                                    Attorneys for Defendants
                                                    RODRIGUES AND SABATINI

Motion To Vacate Order
Denying Resentencing                    4