EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Assistant U. S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850
Tel. No. (808) 541-2850
Fax. No. (808) 541-2958
e-mail:  florence.nakakuni@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00078 DAE -01 |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SUBMISSION |
| | ) | PURSUANT TO LIMITED AMELINE |
| vs. | ) | REMAND |
| | ) | |
| GARY WAYNE RODRIGUES, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

GOVERNMENT'S SUBMISSION
PURSUANT TO LIMITED AMELINE REMAND

On June 11, 2007, the Ninth Circuit issued its memorandum decision and judgment unanimously affirming all of Defendant Gary Rodrigues' convictions for mail fraud, health care fraud, conspiracy to launder money, laundering money, theft of union funds and accepting kickbacks from an employee benefit plan.  The Court ordered a limited remand pursuant to United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). The Court ordered "a limited remand for the sentencing judge to

determine whether he would have imposed the same sentences if he had known the guidelines were advisory."

There is an extensive record in this case with which the Court is very familiar.  There were numerous pre-trial motions, a lengthy trial in this case over which the Court presided and numerous post-trial motions.  On October 6, 2003, the Court sentenced Defendant Gary Rodrigues to 64 months imprisonment (consisting of 60 months as to Counts 1-55, 64 months as to Counts 56-100 and 36 months as to Count 102, all terms to run concurrently), and three years supervised release (consisting of three years as to Counts 1-100 and one year as to Count 102, all terms to run concurrently), a $50,000 fine, $10,100 special assessment and restitution of $378,103.63.  The government requests that the Court impose the same sentence because the sentence was and is reasonable, taking into account the factors set forth in 18 U.S.C. § 3553(a).

Defendant Rodrigues's criminal conduct took place over a long period of time, from at least around October 1992, when he directed Hawaii Dental Service (HDS) to pay consulting fees to his then-girlfriend and secretary at UPW, Georgietta Carroll's, now-deceased father, to pay off a personal loan he received from Ms. Carroll's father.  This evidence came in through the testimony of Georgietta Carroll, her mother, Marietta Loughron, and documents received into evidence by the Court.  The criminal

conduct, with respect to <u>just</u> the HDS fraud, continued through December 2000. (Counts 1-50 charged checks for "consulting services" never rendered which co-defendant Robin Haunani Rodrigues Sabatini deposited into her Four Winds, RSK and later, Auli'i, Inc., bank accounts. Count 1 is a check directly from HDS to Four Winds dated March 28, 1996, in the amount of $25,381.19. Count 50 is a check dated December 19, 2000, in the amount of $6,000 from MAP (which received the money from HDS pursuant to instructions from VEBAH which contracted with HDS on behalf of UPW, as well as with Auli'i, Inc.) to Auli'i, co-defendant Sabatini's new company.

In addition to the length of the criminal conduct, Defendant Rodrigues' scheme was complicated and broad in scope, and encompassed the UPW's dental plan[1], medical plan[2], and life insurance.[3] Rodrigues engaged in conduct such that he personally benefitted, in a fraudulent and criminal way, from all three plans. The checks in Counts 1-50 (which encompass the HDS fraud)

---

[1] UPW offered its members dental plans through the Hawaii Dental Service (HDS).

[2] UPW offered its members a medical health plan through the Pacific Group Medical Association (PGMM).

[3] UPW offered its members term life insurance through Transamerica Occidental.

3

were made out to Defendant Rodrigues's daughter's company but, clearly, he benefitted by directing money to his daughter and co-defendant .

<u>HDS (dental)</u>.  Defendant Rodrigues paid off a personal loan by instructing HDS to pay consultant fees under UPW's contract and he then directed HDS to pay "consultant fees" to his daughter and co-defendant's companies (Four Winds, RSK and later, Auli'i, Inc.).  Defendant Rodrigues's daughter received $46,326.42 in 1996 just from the HDS contract.  And, as the government proved (IRS Agent Lance Okamoto's summary charts which summarized the voluminous bank records), Defendant Rodrigues's other daughter also benefitted in that she received payments from Four Winds, RSK and later, to a lesser extent, from Auli'i, Inc. (because by the time Auli'i was created, both defendants knew that they were being investigated by the federal government). Defendant Rodrigues's mother also received money from Four Winds, RSK.  The Four Winds, RSK and the Auli'i checks were signed by Co-defendant Sabatini.  Defendant Rodrigues personally benefitted in that he purchased a 1997 Ford Ranger truck on December 3, 1996, with a cashier's check drawn on the Four Winds RSK account purchased by Co-defendant Sabatini, payable to Honolulu Ford. (Count 57, Manner and Means, paragraphs 8 and 9).

PGMA (medical).[4]  Defendant Rodrigues arranged for "consulting fees" to be paid to his co-defendant and daughter's company, Four Winds, RSK.  In one year, 1996, PEGM, for PGMA, paid Four Winds RSK $146,361.32, ostensibly for "consulting fees" when, in fact, the government proved beyond a reasonable doubt that co-defendant Sabatini did no work and simply pocketed these fees.  The Defendants' PGMA fraud ended in December 1996 because PGMA's operations were shut down in early March 1997 by the State of Hawaii Insurance Commissioner.  1996 was a particularly profitable year for Co-Defendant Sabatini who pocketed a total of around $193,000 ($146,361.32 from PGMA and $46,326.45 from HDS).

Transamerica Occidental (life insurance).  Defendant Rodrigues, as the head of UPW, gave the UPW's life insurance business to a firm which employed Rodrigues's childhood friend from Kauai.  Rodrigues received approximately $120,000 in kickbacks from this individual over a course of the six years per the testimony of the Transamerica Occidental agent who paid Rodrigues.

The trial evidence was clear (testimonies of Georgietta Carroll, Defendant Rodrigues's long-time girlfriend and secretary

---

[4] PGMA principal, Peter Po Sang Wong was charged in Cr. No. 03-00368 DEA with false statements to the state insurance commissioner, in violation of 18 U.S.C. § 1033 and in Cr. No. 05-00244 DAE with money laundering.  He pleaded guilty, pursuant to a plea agreement and on April 27, 2007, this Court sentenced Wong to a 36 month term of imprisonment and restitution in the amount of $7,550,625.

5

at UPW; Adeline Uhrle, president of UPW from around 1991 to July, 2002 who was a UPW member by virtue of her employment at a local hospital; George Yasumoto, secretary treasurer of UPW from 1991 to 2002, who was a UPW member employed as a building maintenance working supervisor at Maluhia Hospital; Jeanne Endo, UPW accountant; Dayton Nakanelua, executive assistant to Defendant Rodrigues in his capacity as State Director and currently, UPW's state-director) that Defendant Rodrigues began his long tenure as State Director with good intentions, having the best interests of the union and its members as his priority.  Over the years, he became greedy, autocratic, vindictive and tyrannical in the way he conducted himself and ran the day-to-day operations of the UPW.  He clearly abused a position of trust placed in him by the more than 12,000 members of UPW, in a manner which continued for a long time, and which was carefully crafted to avoid getting caught, while lining his pockets, and that of his daughter, with hundreds of thousands of dollars.  Defendant Rodrigues's many years of employment with the UPW, beginning in 1965, and as state director from 1981 until his retirement in 2002 (after he was found guilty by the jury in this case) gave him the opportunity to know everything about the union; indeed, many credit defendant Rodrigues for building the UPW into a large, politically significant, union which it was and remains today, in spite of Defendant Rodrigues's criminal conduct in using the Union for his

own personal gain.  Defendant Rodrigues betrayed the trust he earned by using certain of that information and knowledge, in a criminal manner, to his own benefit, in total violation of the trust placed in him by the  members of the United Public Workers.

For the foregoing reasons, the government respectfully requests that the Court re-affirm the original sentence imposed on Defendant Rodrigues as it was a reasonable sentence, taking into account all the factors in 18 U.S.C. § 3553(a).

DATED: October 15, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

     /s/ Florence T. Nakakuni
By_____
  FLORENCE T. NAKAKUNI
  Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | |
|---|---|
| Doron Weinberg   doronweinberg@aol.com | October 15, 2007 |
| Eric A. Seitz   eseitzatty@yahoo.com | October 15, 2007 |

Served by First Class Mail:

Dennis P. Riordan                                          October 15, 2007
523 Octavia Street
San Francisco, CA 94102
(415) 431-3472

Paul J. Cunney                                             October 15, 2007
Law Offices of Paul Cunney
Central Pacific Bank Building
220 S King St., Ste. 2290
Honolulu, HI 96813

DATED: October 15, 2007, at Honolulu, Hawaii.

/s/ Patricia L. Redondo
_____