IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00078-01 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY WAYNE RODRIGUES, (01) | ) | |
| ROBIN HAUNANI RODRIGUES | ) | |
| SABATINI, (02) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER AFFIRMING SENTENCE OF DEFENDANT
GARY WAYNE RODRIGUES AND SETTING MITTIMUS

Pursuant to Local Rule 7.2(d) and United States v. Ameline, 409 F.3d

1073 (9th Cir. 2005), and after reviewing the written submissions of counsel for

both parties, this Court finds this matter suitable for disposition without a hearing.

After carefully reviewing the record in this case, including the presentence report,

sentencing statements, and the written submissions of counsel, this Court finds that

had it known that the guidelines were advisory, rather than mandatory, at the time

of the sentencing, it would have imposed the same sentence.

BACKGROUND

Following a jury trial, Defendant Gary Wayne Rodrigues was sentenced on September 30, 2003, for mail fraud, embezzlement, health care fraud, acceptance of kickbacks to influence operation of an employee benefit plan, conspiracy, and money laundering.  Defendant was sentenced to 60 months as to Counts 1-55, 64 months as to Counts 56-100, and 36 months as to Count 102, all terms to run concurrently.  Defendant Rodrigues was also sentenced to a term of supervised release of three years as to Counts 1-100, and one year as to Count 102, all terms to run concurrently.  Defendant Rodrigues was ordered to pay a $50,000 fine, a $10,100 special assessment, and restitution of $378,103.63.

Defendant's base level offense was 20 for his money laundering convictions.  This Court adjusted the level upward by three levels based on the amount of money involved, another two levels for abuse of a position of trust, and two more levels for obstruction of justice.  The total offense level was therefore 27, with a corresponding sentencing range of 70 to 87 months.  Defendant was sentenced below that range, to 64 months.

On September 30, 2003, Defendant Rodrigues filed a notice of appeal. On June 11, 2007, the Ninth Circuit affirmed the jury's verdict and ordered a limited remand pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir.

2

2005).  The Ninth Circuit did not vacate Defendant's sentence and remand for a

full resentencing.  Instead, the Ninth Circuit specifically ordered "a limited remand

for the sentencing judge to determine whether the [sic] he would have imposed the

same sentences if he had known the guidelines were advisory."  United States v.

Rodrigues, Nos. 03-10549, 04-10027, 2007 WL 1675012, at *4 (9th Cir. June 11,

2007.)  The Ninth Circuit denied Defendant's petition for rehearing and petition for

rehearing en banc on August 21, 2007.  On September 24, 2007, the Ninth Circuit

denied Defendant's motion for a stay of mandate.  The mandate was issued on

September 27, 2007.

On September 28, 2007, this Court issued an order affirming the

sentences.  On October 1, 2007, Defendant filed a motion to vacate that order

because he had not yet filed a written submission regarding the limited remand.

This Court granted that motion on October 2, 2007, and vacated the previous order.

This Court ordered the parties to file their written submissions on October 15,

2007.  Pursuant to that order, on October 15, 2007, both the Government and

Defendant filed statements regarding the limited remand.  This Court has carefully

considered those statements and the sentence anew, without regard whatsoever to

its previous order affirming the sentences.  This Court provided Defendant with a

de novo review of his sentence and seriously considered the arguments set forth in

his written submission.  This Court treated the vacated order as if it were never filed.

Defendant Rodrigues is 65 years old and requests that his sentence be reduced to 33 months and that he be allowed to pay his restitution in installments. The Government requests that this Court impose the same sentence.

<u>DISCUSSION</u>

Defendant Rodrigues argues that his imprisonment term of 64 months should be lowered by approximately half, to a term of 33 months and that his restitution should be allowed to be paid in installments of $1,000 a month.

18 U.S.C. § 3553 sets forth the following factors for this Court to consider in imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

Defendant Rodrigues asserts that given his age and statutory inability to hold a position in which he could commit similar crimes, subsection (2)(C) does not apply because he could not engage in similar crimes in the future. Defendant Rodrigues also points out that he does not need education, vocational training, medical care or other correctional treatment. Defendant Rodrigues further argues that the seriousness of the offense and affording adequate deterrence can be served by a sentence of approximately 33 months. Defendant contends that he has already suffered public disgrace, removal from office, and a monetary fine of nearly $430,000. Defendant asserts that prior to the offenses for which he has been convicted, he led a law-abiding life. Defendant asserts his was a life of service to the United Public Workers Union ("UPW"), the people of Hawaii, and to his family. He claims that his management of UPW brought a ten-fold increase in wages and benefits, and improved working conditions for its members. Defendant states that it was because he is such a devoted family man, raising his daughters as a single parent and taking care of his elderly parents, that he was impelled to make the error of judgment which led him to commit the instant offenses.

Defendant's arguments do not persuade this Court that a sentence substantially less than 64 months would be sufficient, but not greater than needed to comply with the purposes set forth in 18 U.S.C. § 3553. First, although

Defendant is statutorily ineligible to hold certain positions, it does not mean that he would never have the opportunity to be placed in a position of trust and in charge of other people's earnings or money.  Accordingly, there is still a possibility that Defendant Rodrigues could engage in similar criminal conduct and the public needs to be protected from that possibility.  Second, Defendant's arguments do not take into account that his criminal conduct spanned a period of approximately eight years, was broad in scope, and that his conduct hurt the very people he is so proud of protecting and providing for, the UPW's over 15,000 members.  Indeed, Defendant Rodrigues' scheme involved the UPW's dental plan through Hawaii Dental Service ("HDS"), its medical plan through Pacific Group Medical Association ("PGMA") and its life insurance through Transamerica Occidental.  Furthermore, Defendant Rodrigues used his knowledge from being in UPW's employ for so many years for his own and his family's financial gain.  Finally, as admitted by Defendant, it was his devotion to his family and desire to assist them financially that caused him to commit the crimes.  This devotion apparently has not changed.  There is no indication that Defendant Rodrigues would not feel so compelled in the future to assist his family financially.

Defendant next argues that his sentence is too severe in comparison to others.  Specifically, Defendant points out that HDS, VEBAH, and MAP allegedly

participated in the corrupt scheme but were not prosecuted, and Peter Wong, the

former head of PGMA, allegedly caused large losses from participating in the

corrupt scheme, but was sentenced to only 36 months.

Pursuant to 18 U.S.C. § 3553, this Court must consider "the need to

avoid unwarranted sentence disparities among defendants with similar records who

have been found guilty of similar conduct."  Peter Posang Wong was convicted of

money laundering and making a false statement in connection with a report to an

insurance regulatory agency.  Defendant, however, cannot compare himself to

Peter Wong because the conduct at issue was totally separate and Peter Wong was

not a co-defendant.  Indeed, Peter Wong was convicted of  two separate counts,

one each for making a false statement and money laundering.  Peter Wong was not

convicted of 101 counts and also was not convicted of mail fraud, embezzlement,

health care fraud, and acceptance of kickbacks to influence operation of an

employee benefit plan, as was Defendant.  Furthermore, Peter Wong pled guilty

pursuant to a Plea Agreement.  Accordingly, it is disingenuous for Defendant to

argue that he and Peter Wong engaged in similar conduct.

Defendant argues that he should not receive a two-level enhancement

for abuse of a position of trust because he did not significantly facilitate the

commission of money laundering since he merely deposited checks received from

the scheme into a bank account. This Court finds, as it did in the sentencing, whether expressed on the record or not, that the evidence against Defendant in support of this adjustment, and in support of the other two upward adjustments, is and was overwhelming and sufficient to find beyond a reasonable doubt that Defendant engaged in abusing a position of trust, obstructed justice, and laundered a specific amount of money.

Finally, Defendant asserts that since the time of his sentencing, the guidelines have eliminated the base offense for money laundering and instead refer to the offense from which the laundered funds were derived, which in this case would be fraud. Defendant contends that under the guidelines in effect at the time of sentencing, the base level for fraud was six. Then adding adjustments for the amount of the loss ($200,000 to $400,000), and a conviction under 18 U.S.C. § 1956, the total offense level is 20. An offense level of 20 and a criminal history category of I, results in a sentencing range of 33 to 41 months. Defendant argues that no adjustment for the abuse of trust is needed because it is inherent in the underlying offense of fraud, and no adjustment for the number of victims is appropriate since the victim is the UPW.

Although the guidelines have changed, it does not result in a more favorable total offense level for Defendant, as he argues. Indeed, using the

8

November 1, 2006 Sentencing Guideline Manual, rather than the previous

guidelines, Defendant's total offense level would be 28, rather than 27.[1]  The major

difference between Defendant's calculations and this Court's calculations is that

Defendant asserts, without any support, that no upward adjustment should be made

for the number of victims because the victim, if any, was the UPW.  Defendant is

mistaken.  As stated in the Presentence Report, the victims in this case are

identified as UPW, and its entire membership, and in the period ending December

2000, UPW boasted a membership of 15,517 workers.  Accordingly, an upward

adjustment for numerous victims was warranted.  As the calculations under the

new guidelines result in a total offense level that is one level higher than the total

offense level used for the sentencing, Defendant's argument that it would be more

advantageous to him to use the new guidelines fails.

---

[1]The offense level for the underlying offense from which the laundered
funds were derived is found in U.S.S.G. 2B1.1.  The base offense level is six,
pursuant to 2B1.1(a)(2), and a 12-level increase would be applied under
2B1.1(b)(1)(G) because the loss is more than $200,000 but less than $400,000.
Under 2B1.1(b)(2)(C), a six-level increase is applied because the offense involved
250 or more victims.  In this case the victims are identified as UPW and its entire
membership.  In the period ending December 2000, UPW boasted a membership of
15,517 workers.  Thereafter, a two-level increase is applied under 2B1.1(b)(9)
because the offense involved sophisticated means.  Accordingly, the base offense
level is 26. Once the base offense level is established under 2B1.1, a two-level
increase under 2S1.1(b)(2)(B) is applied because Defendant was convicted under
18 U.S.C. § 1956.  The total offense level therefore would be 28.

The <u>Ameline</u> case provides "[i]f the district court judge determines that the sentence imposed would not have differed materially had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence, with an appropriate explanation." 409 F.3d at 1084. As discussed above, this Court does not find that the sentence imposed would have differed materially. Accordingly, this Court will not resentence Defendant and HEREBY AFFIRMS the previous sentence.

CONCLUSION

Applying a de novo standard after carefully reviewing the record in this case, including the presentence report, sentencing statements, and written submissions of counsel, this Court finds that had it known that the guidelines were advisory, rather than mandatory, at the time of the sentencing, for the reasons set forth above, it would have imposed the same sentence. The Court felt at the time of the original sentencing that the sentence was clearly justified and reasonable in light of all the 18 U.S.C. § 3553 factors and the Court continues to feel so today. For the reasons stated above, the Court AFFIRMS Defendant Rodrigues' sentence in all respects.

Furthermore, this Court ordered payments of restitution as a condition of

supervised release, and those payments are scheduled on an installment basis.  Any

payment plan while in custody is an issue for the Bureau of Prisons.

The mandate having been issued by the Ninth Circuit, this Court finds

no reason for further delay of the mittimus.  The Court HEREBY DIRECTS

Defendant to self-surrender to the facility designated by the Bureau of Prisons no

later than 2:00 p.m. on January 7, 2008, to permit the Bureau of Prisons time to

designate an appropriate facility.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 31, 2007.



_____
David Alan Ezra
United States District Judge


United States of America vs. Gary Wayne Rodrigues, et al., Cr. No. 01-00078-01
DAE; ORDER AFFIRMING SENTENCE OF DEFENDANT GARY WAYNE
RODRIGUES AND SETTING MITTIMUS