EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI 2286
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 01-00078 DAE |
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT GARY W. RODRIGUES' OPPOSITION TO MOTION TO DISBURSE FUNDS TO SATISFY FINES AND RESTITUTION ORDER; DECLARATION OF FLORENCE T. NAKAKUNI; EXHIBITS 1-7 |
| v. | |
| GARY WAYNE RODRIGUES,    (01) ROBIN HAUNANI RODRIGUES SABATINI,    (02) | |
| Defendants. | |

GOVERNMENT'S REPLY TO DEFENDANT
GARY W. RODRIGUES' OPPOSITION TO MOTION
TO DISBURSE FUNDS TO SATISFY FINES AND RESTITUTION ORDER

INTRODUCTION

The United States of America, through its undersigned attorneys, hereby submits its Reply to Defendant Gary W. Rodrigues' Opposition to the Motion to Disburse Funds to Satisfy Fines and Restitution Order.

Defendant Rodrigues opposes the motion on the ground that the request to disburse funds pursuant to a stipulation entered into by Defendant Rodrigues and the government is "an untimely motion to reconsider this Court's earlier Order Affirming Sentence of Defendant Gary Wayne Rodrigues and Setting Mittimus" [the Court's Order filed on October 31, 2007, following the limited remand from the Court of Appeals which affirmed Defendant's conviction on all 101 counts of mail fraud, embezzlement, health care fraud, money laundering, money laundering conspiracy, and kickbacks in connection with the union's life insurance plan]. Defendant points to the reference in the Court's Order that "Any payment plan while in custody is an issue for the Bureau of Prisons." In support of his contention, Defendant attached a copy of his "Inmate Financial Responsibility Program Inmate Financial Plan" in which he agreed to pay $25.00 on a quarterly basis beginning on March 10, 2008, toward his assessment,[1] fine and restitution.

The plan signed by Defendant Rodrigues is part of the BOP Inmate Financial Responsibility Program (IFRP) and is set forth at Program Statement 5380.08 and can be downloaded from www.bop.gov. A true and correct copy of the Program Statement for the IFRP is attached hereto as Exhibit 1 to the attached

---

[1] The special assessment of $10,100 has been paid. The Financial Litigation Unit (FLU) of the United States Attorney's Office has also received two $25.00 payments from BOP.

2

Declaration of Florence Nakakuni ("Nakakuni Declaration"). BOP regulations also capture the key points beginning at 28 C.F.R. § 545.10, et seq. In the policy and regulations the IFRP is a correctional program by which BOP encourages inmates to meet their financial obligations. Participation is voluntary although there are disincentives if the inmate refuses to participate. For example, 28 C.F.R. § 545.11(d) lists possible consequences of non-participation. The regulations make it clear that failure to participate in the IFRP does not impact any basic living essentials. The IFRP and the parties' stipulation are separate matters and the IFRP does not "trump" the stipulation. Nor is the stipulation inconsistent with the Court's October 31, 2007 "Order Affirming Sentence of Defendant Gary Wayne Rodrigues and Setting Mittimus."

As set forth in detail below, the "Stipulation Re Garnishment of Funds and Order" filed on June 23, 2004, is a contract which was proposed by the defendant to resolve post-conviction litigation over garnishment to satisfy the Court's order of restitution and a fine as part of Defendant's sentence. The details leading up to the stipulation are set forth below.

## PROCEDURAL BACKGROUND

On or about November 26, 2003, Defendant Rodrigues filed a Motion for Stay of Restitution, Fine and Penalty. Specifically, Defendant requested a stay of the financial portion of his

sentence because "the execution of that sentence would effectively deny his right of appeal with respect to those matters . . . ." (Motion, pages 3-4).  The motion was prompted by communications the defendant received from the Financial Litigation Unit of the United States Attorney's Office concerning the financial portions of the sentence.  In addition, on November 23, 2003, defendant was informed by his bank that levies were in process against his two personal accounts containing a total of around $30,000.

On December 15, 2003, the "Government's Response to Defendant Gary W. Rodrigues' Motion for Stay of Restitution, Fine and Penalty" was filed.  The government noted that restitution and fines, when ordered, are presumed valid immediately and expressed concern that defendant Rodrigues might liquidate or transfer assets because after Rodrigues and his daughter were indicted in 2001, Rodrigues transferred certain real property to his daughter (Robin Haunani Rodrigues Sabatini) with a June 2000 appraisal of $400,000.

On January 6, 2004, the Court entered its "Order Denying Defendant Gary Rodrigues's Motion for Stay of Restitution, Fine and Penalty."  The court referred to the magistrate judge the matter of the amount which should be exempt from garnishment so that defendant Rodrigues had sufficient funds to live day-to-day.

On January 21, 2004, the "Government's Submission Regarding Garnishment" was filed.

On January 21, 2004, "Defendant Gary W. Rodrigues' Garnishment Memorandum" was filed.

On February 4, 2004, Magistrate Judge Chang entered his "Order Re: Garnishment." The Magistrate Judge found that "the total monthly amount of $5,387.00 should be exempt from garnishment to satisfy the restitution, fine and penalty, in order to allow Defendant Rodrigues daily subsistence determined on a monthly basis . . . ."

On February 13, 2004, the "Government's Supplemental Memorandum re: Garnishment and Request for Clarification of Magistrate Judge's Order" was filed. The government's memorandum, at page 6 explains that after the Magistrate Judge's February 4, 2004 Order was filed

> counsel were in disagreement regarding the Magistrate Judge's Order. Mr. Seitz's position was that $10,774 ($5,387 for each of the months of January and February 2004) should be returned immediately. Ms. Nakakuni disagreed and . . . . noted that the order did not order the return of any money and that, since the garnishment was a "one-time deal," in several months all the money would be returned to the defendant, a result surely not intended by the Magistrate Judge . . . .

(Memorandum at pages 6-7)

5

On or about March 2, 2004, defendant Rodrigues lodged an "Order Releasing and Returning Funds to Defendant Gary W. Rodrigues."

On March 9, 2004, the government filed its "Statement of Objection to Defendant Gary W. Rodrigues's Proposed Draft Court Order" and attached as an exhibit its Substitute Proposed Order.

On March 10, 2004, the "Government's Supplemental Statement of Objection to Defendant Gary W. Rodrigues's Proposed Draft Court Order" was filed.

On March 11, 2004, defendant Rodrigues filed his Objections to Proposed Garnishee Order.

On April 23, 2004 the "Government's Response to Defendant Gary W. Rodrigues's Objections to Proposed Garnishee Order" was filed.

On April 26, 2004, a hearing was held before this Court on the Government's Statement of Objections to the Defendant's Proposed Draft Order and Defendant's Objections to the Proposed Garnishee Order. At the hearing, Mr. Seitz offered, as an alternative to garnishment of defendant Rodrigues's pension account (a stock fund), to liquidate enough stock to cover the restitution and fine amount because of the government's concern that the stock fund could decrease in value. See, Nakakuni Declaration, paragraph 3. After the hearing, AUSA Nakakuni asked

6

Mr. Seitz to put the offer in writing. Nakakuni Declaration, paragraph 3.

On April 29, 2004, the Court entered its "Order Granting in Part and Denying in Part Plaintiff's Objections to Defendant Rodrigues's Proposed Order." The Court referred to the Magistrate Judge expedited reconsideration on whether the defendant was entitled to his request that $16,161 be returned to him.

By letter dated May 12, 2004, to AUSA Nakakuni, Mr. Seitz explained the proposal he made at the April 26, 2004 hearing before the Court, as follows:

> Mr. Rodrigues will convert his entire pension into an IRA. Of that amount a certain portion to cover his fine, assessments, and restitution will be placed into A money market account to be held separately by the bank, accrue interest, and be held subject to the further order of the Court. By that means all of Mr. Rodrigues financial obligations under the criminal judgment effectively will be guaranteed and can be satisfied if and when the pending appeal is resolved.
>
> In return for the foregoing the government will release all funds that have been garnished to date, including any garnishments of Mr. Rodrigues' daughter, Robin, and will release its liens on Mr. Rodrigues' properties and his checking account.
>
> Due to Mr. Rodrigues' urgent financial needs we need to have your immediate response to the foregoing.

Nakakuni Declaration, paragraph 4.

On May 14, 2004, the Magistrate Judge filed his "Order Re: Garnishment." The Magistrate Judge determined that defendant Rodrigues was not entitled to "an accumulated credit of $5,387.00 each month for the period beginning January 2004 to the date of any future garnishment." (Order at page 4).

By letter dated May 19, 2004, AUSA Nakakuni advised Mr. Seitz that she had discussed the proposal contained in his May 12 letter and that

> we cannot agree to a money market account to be held separately by the bank because Mr. Rodrigues will continue to have sole control over that account.
>
> Given the current briefing schedule before the Court of Appeals . . . we will not object to the deposit of an amount of money (or certificate of deposit), sufficient to cover the restitution, fine and special assessment with the Clerk of Court in an interest bearing account, pending completion of the appeal provided Judge Ezra approves the parties' stipulation.
>
> Assuming the appeals are denied, the Clerk of Court is to immediately release the money (restitution payable to the UPW and the fine and assessments to the United States). Upon satisfaction of the judgment, our office will file a "Satisfaction of Judgment/Release of Notice of Lien."

Nakakuni Declaration, paragraph 7.

On May 21, 2004, Mr. Seitz advised AUSA Nakakuni that the government's proposal was not acceptable because transferring money to the Clerk's Office becomes a "taxable event." Mr. Seitz suggested an order signed by the Court in which defendant

Rodrigues sets aside a certain amount and he would have no access to it; only a trustee would have access and this would avoid a taxable event. Nakakuni Declaration, paragraph 8.

Mr. Seitz informed AUSA Nakakuni that the trustee would be First Hawaiian Bank because it was the administrator of the pension fund. Nakakuni Declaration, Exhibit 6, paragraph 3.

On June 9, 2004, Mr. Seitz faxed AUSA a draft Stipulation re Garnishment of Funds and Order which incorporated their discussions on May 21, 2004. Nakakuni Declaration, paragraph 9. The terms of the stipulation as drafted were accepted by the government. Defendant obtained the signature of the First Hawaiian Bank agent, the parties signed the stipulation and the Court approved and filed the stipulation on June 23, 2004.

It is this stipulation, on which the government relied, that defendant now refuses to honor.

THE IFRP DOES NOT "TRUMP" THE STIPULATION

The voluntary nature of the IFRP has been discussed in United States v. Young, 533 F. Supp. 2d 1086 (D.Nev. 2007). In Young the sentencing court ordered restitution due immediately but did not set a schedule of payments during the period of imprisonment. Id. At 1087. The inmate enrolled in the IFRP and later filed a motion with the sentencing court claiming that his participation in the IFRP was the product of duress and asked the Court to set a payment schedule. The court denied the motion

stating, "The BOP's authority to administer the IFRP is independent of the sentencing court's duty to schedule restitution payments." Id. At 1088. Ironically, in Young, the BOP was defending the IFRP and defendant Rodrigues is apparently using it to avoid contractual and financial responsibility.

Clearly, the IFRP merely tries to teach inmates to be responsible by contributing a minimum amount. It is troubling that defense counsel appears to be suggesting that because a $25/quarter assessment was made, that it overrides the Stipulation he requested, which was entered into with good faith on the part of the government, endorsed by the Court, and relied upon by the government.

The IFRP agreement is a correctional program. Defendant Rodrigues would be disingenuous to suggest that the assessment "trumps" the stipulation because the IFRP assessment is based on the inmate resources that the BOP staff is aware of-which is usually what inmates make on their prison job and how much money is sent into their prison account. See, Section 8b of the Program Statement 5380 (Exhibit 1) ("Any money remaining after the above computation may be considered for IFRP payments, regardless of whether the money is in the inmate's trust fund or phone credit account. The Unit Team has the discretion to consider all monies above that computation to adjust the inmate's IFRP payment plan.") See also, 28 C.F.R. § 545.11(a) and (b) (in

developing the inmate financial plan, staff can consider all available documentation).

The government is <u>not</u> asking for modification of the BOP's IFRP of $25/quarter. The IFRP is a BOP controlled correctional program and not controlled in any way by the U.S. Attorney's Office. The government is, however, requesting disbursement pursuant to the stipulation.

THE STIPULATION IS NOT INCONSISTENT
WITH THE COURT'S ORDER OF OCTOBER 31, 2007

On October 31, 2007, the Court filed its "Order Affirming Sentence of Defendant Gary Wayne Rodrigues and Setting Mittimus." To the extent defendant Rodrigues is trying to argue that the Court's order overrules the stipulation entered into in June of 2004, because the affirmance suggests that payment towards restitution is part of the conditions of supervised release and that payments during incarceration are only to be made pursuant to BOP, defendant is incorrect. Under the Mandatory Victims Restitution Act of 1996, a district court cannot delegate responsibility for setting a restitution schedule to the BOP. The Court did not do so in this case.

In its order of October 31, 2007, the Court, in the government's view, was merely commenting on the restitution payment plan in the context of rejecting defendant's argument to pay restitution in the amount of $1,000/month (<u>see</u> page 4 of the October 31, 2007, Order and Defendant Gary W. Rodrigues'

11

Memorandum on Resentencing Following Ameline Remand, filed on October 15, 2007, at page 6). This reading of the Court's order is supported by the Court's affirmance of the sentence previously imposed and the fact that the original judgment dated October 6, 2003 specifies that the restitution amount of $378,103.63 is due "in full immediately." The reference that any payment plan while in custody is an issue for BOP appears to be a reference to the BOP's financial responsibility program and part of that program is the form signed by Defendant Rodrigues.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter an order consistent with the stipulation entered into by the parties and approved by this Court.

DATED: September 8, 2008, at Honolulu, Hawaii.

>                EDWARD H. KUBO, JR.
>                United States Attorney
>                District of Hawaii
>
>                    /s/ Florence T. Nakakuni
>                By_____
>                FLORENCE T. NAKAKUNI
>                Assistant U.S. Attorney

CERTIFICATE OF SERVICE

     I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| Eric A. Seitz | eseitzatty@yahoo.com | 09/08/2008 |
| Doron Weinberg | doronweinberg@aol.com | 09/08/2008 |

Served by First Class Mail:

Paul J. Cunney                                                            09/08/2008
Law Offices of Paul Cunney
Central Pacific Bank Building
220 S. King Street, Ste. 2290
Honolulu, Hawaii 96813

Lawrence I. Kawasaki                                   09/08/2008
A Law Corporation
820 Mililani Street, Ste. 714
Honolulu, Hawaii 96813

                                                         /s/ Patricia L. Redondo