IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00078 DAE |
| | ) | |
| Plaintiff, | ) | DECLARATION OF FLORENCE |
| | ) | T. NAKAKUNI |
| v. | ) | |
| | ) | |
| GARY WAYNE RODRIGUES, (01) | ) | |
| ROBIN HAUNANI RODRIGUES | ) | |
| SABATINI, (02) | ) | |
| | ) | |
| Defendants. | ) | |

DECLARATION OF FLORENCE T. NAKAKUNI

1.  I am an Assistant U. S. Attorney and one of the attorneys representing the United States in the above-captioned matter.

2.  Attached as Exhibit 1 is a true and correct copy of the BOP's Program Statement for its Inmate Financial Responsibility Program (IFRP).

3.  I represented the United States at a hearing on April 26, 2004, before Judge David Alan Ezra on Defendant Gary Rodrigues' Objections to Proposed Garnishee Order and the Government's Objections to Defendant's Proposed Draft Order. Attorney Eric Seitz represented defendant Rodrigues at the hearing and, according to notes of the hearing, offered to enter into a stipulation to liquidate enough stock in Mr. Rodrigues' pension account to cover the restitution and fine so as  "not to

touch" the pension account for garnishment purposes. I pointed out that because the pension account was in a stock fund, it could lose value. I agreed to consider the offer and to discuss it with my office. I requested that the offer be put in writing.

    4. By letter dated May 12, 2004, Mr. Seitz detailed the proposal he made at the April 26 hearing before Judge Ezra. In pertinent part, the letter stated:

> Mr. Rodrigues will convert his entire pension into an IRA. Of that amount a certain portion to cover his fine, assessments, and restitution will be placed into a money market account to be held separately by the bank, accrue interest, and be held subject to the further order of the Court. By that means all of Mr. Rodrigues financial obligations under the criminal judgment effectively will be guaranteed and can be satisfied if and when the pending appeal is resolved.
>
> In return for the foregoing the government will release all funds that have been garnished to date, including any garnishments of Mr. Rodrigues' daughter, Robin, and will release its liens on Mr. Rodrigues' properties and his checking account.
>
> Due to Mr. Rodrigues' urgent financial needs we need to have your immediate response to the foregoing.

A true and correct copy of this letter is attached as Exhibit 2.

    5. Also by letter dated May 12, 2004 to Chief Judge David A. Ezra, Mr. Seitz noted that despite the Court's order of April 29, 2004, the parties had not yet received the "expedited" resolution "of the garnishment issues that we have been raising

over the past five months . . . ." A true and correct copy of this letter is attached as Exhibit 3.

6. By letter dated May 13, 2004, Chief Judge Ezra informed Mr. Seitz that there was some miscommunication and that Judge Chang had the matter under consideration. A true and correct copy of this letter is attached as Exhibit 4.

7. By letter dated May 19, 2004, I advised Mr. Seitz that I had discussed the proposal he raised at the April 26 hearing with the Financial Litigation Unit and that our office could not agree to a money market account to be held separately by the bank because Mr. Rodrigues will continue to have sole control over that account.

I stated that "Given the current briefing schedule before the Court of Appeals . . . we will not object to the deposit of an amount of money (or certificate of deposit), sufficient to cover the restitution, fine and special assessment with the Clerk of Court in an interest bearing account, pending completion of the appeal provided Judge Ezra approves the parties' stipulation. Assuming the appeals are denied, the Clerk of Court is to immediately release the money (restitution payable to the UPW and the fine and assessments to the United States). Upon satisfaction of the judgment, our office will file a "Satisfaction of Judgment/Release of Notice of Lien."
A true and correct copy of my letter is attached as Exhibit 5.

8. On May 21, 2004, Mr. Seitz advised me that the government's proposal (as outlined in my letter of May 12, 2004) was not acceptable because transferring money to the Clerk's Office becomes a "taxable event." Mr. Seitz suggested an order signed by the Court in which defendant Rodrigues sets aside a certain amount and he would have no access to it; only a trustee would have access and this would avoid a taxable event. Attached as Exhibit 6 is a true and correct copy of my memorandum to file dated May 24, 2004, regarding my negotiations with Mr. Seitz on this matter.

9. On June 9, 2004, I received from Mr. Seitz his draft of a "Stipulation re. Garnishment of Funds and Order" which incorporated the government's position that we would not object to having First Hawaiian Bank be trustee and if the stipulation and order stated that disbursement would be made only to the Clerk of Court unless otherwise ordered by the Court. My discussion with Mr. Seitz on this specific issue is contained in Exhibit 6, paragraph 5. This stipulation was accepted by the government and signed by the parties, an agent for the bank, and accepted by the Court and filed on June 23, 2004. Attached as Exhibit 7 is a true and correct copy of the draft stipulation faxed to me by Mr. Seitz.

     I declare under penalty of perjury that the foregoing is true and correct.

     DATED: September 8, 2008, at Honolulu, Hawaii.

                                      /s/ Florence T. Nakakuni
                                      _____
                                      FLORENCE T. NAKAKUNI