IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GARY WAYNE RODRIGUES, | ) | CV. NO. 10-00406 DAE-KSC |
| | ) | CR. NO. 01-00078 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
CERTIFICATE OF APPEALABILITY

On July 16, 2010, Petitioner filed a 28 U.S.C. § 2255 Motion ("Motion"), seeking to vacate his conviction as to all counts. (Doc. # 408.) On January 31, 2011, the Court denied the Motion for § 2255 relief.

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability ("COA") at the time of disposing of a proceeding adversely to the petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. See R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. A COA may only be issued if the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). The petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); see also Mendez v. Knowles, 556 F.3d 757, 771 (9th Cir. 2009). The district court must indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons for denying a certificate. United States v. Asrar, 116 F.3d 1268, 1269 (9th Cir. 1997).

At the hearing held on January 7, 2011, where the Court heard Petitioner's 28 U.S.C. § 2255 Motion, Petitioner indicated to the Court that pursuant to 28 U.S.C. § 2253(a), he intended to appeal any adverse decision issued by the Court. Although the Court believes its decision is firmly grounded in and supported by law, the facts of the case, as well as both Supreme Court and Ninth Circuit precedent, the Court recognizes that Petitioner's Motion, with respect to Skilling v. United States, 130 S. Ct. 2896 (2010), is "adequate to deserve

encouragement to proceed further." Slack, 529 U.S. at 483.  Accordingly, the Court GRANTS Petitioner's COA as to the portions of Petitioner's Motion timely challenging his conviction for any counts relying upon honest services fraud which fall within the ambit of the Supreme Court's decision in Skilling.

Based upon the remainder of the Court's analysis in its order denying Petitioner's Motion, the Court DENIES Petitioner's COA with respect to all remaining arguments in Petitioner's Motion, because reasonable jurists would not find the Court's statute of limitations analysis debatable.  See Slack, 529 U.S. at 484.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the COA as to Petitioner's Motion.  (Doc. # 408.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 31, 2011.



_____
David Alan Ezra
United States District Judge


Gary Wayne Rodrigues v. United States, Cv. No. 10-00406 DAE/KSC, Cr. No. 01-00078 DAE; ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY